ORIGINAL

# In the United States Court of Federal Claims

No. 17-446C

(Filed: May 24, 2017)

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

JERRY WILSON, aka
STEVE V. PARKER,

        Plaintiff,

v.

THE UNITED STATES,

        Defendant.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

FILED

MAY 24 2017

U.S. COURT OF
FEDERAL CLAIMS

## ORDER

Plaintiff filed his complaint on March 27, 2017. He did not pay the filing fee. On April 12, 2017, we ordered him to do so within 30 days and noted that he was ineligible for waiver of the fee due to the "three strikes rule" of 28 U.S.C. § 1915(g) (2012). On April 24, 2017, plaintiff nevertheless filed a motion to proceed *in forma pauperis*. On April 24, 2017, we denied that motion and noted that the complaint would be dismissed if the fee was not paid. On May 23, 2017, plaintiff filed a new motion to proceed *in forma pauperis*, which we now construe as a motion for reconsideration of our earlier denial of *in forma pauperis* status.

That motion is denied because plaintiff continues to be ineligible for waiver of the filing fee. Although section 1915(g) allows for waiver of the fee despite a previous three strikes when a prisoner is "under imminent danger of serious physical injury," plaintiff's motion for reconsideration does not establish how he meets the requirements of this exception. The motion and his complaint reference permission from a magistrate judge prior to the filing of a separate law suit, presumably in district court. This, plaintiff believes, meets the requirements of 1915(g)'s exception. It does not.

7012 3460 0001 7791 8071

Plaintiff has not established that he is entitled to proceed *in forma pauperis*. He has had three or more previous lawsuits dismissed as frivolous, malicious, or for failure to state a claim for which relief may be granted. Thus, under 28 U.S.C. § 1915(g), plaintiff is barred from filing a civil action in federal court without first paying the filing fee. He has not met the imminent bodily harm exception to that rule. The motion for reconsideration must therefore be denied.

The filing fee was due on May 12, 2017. It has not been paid. Accordingly, the lawsuit must be dismissed for failure to prosecute and failure to comply with a court order. Accordingly, the following is ordered:

1. Plaintiff's May 23, 2017 motion for reconsideration is denied.

2. The Clerk of Court is directed to dismiss the complaint with prejudice pursuant to RCFC 41 for failure to prosecute and failure to comply with a court order. The Clerk of Court is further directed to enter judgment accordingly.

ERIC G. BRUGGINK
Senior Judge